**FILED**

JUN 19 2015

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Frank Johnson,

      Petitioner,

      v.

United States,[1]

      Respondent.

Case: 1:15-cv-00945
Assigned To : Unassigned
Assign. Date : 6/19/2015
Description: Habeas Corpus

MEMORANDUM OPINION

Petitioner is a prisoner incarcerated at the Federal Correctional Institution in Loretto,

Pennsylvania.   He has submitted a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

by a Person in State Custody," in which he challenges a conviction entered by the Superior Court

of the District of Columbia.   *See* Pet. ¶¶ 1-2.   For the following reasons, the Court will grant

the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Unlike prisoners convicted in state courts or in a United States district court, "District of

Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the

local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*,

794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v.*

*Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in

an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not

."). Petitioner's recourse lies in the Superior Court via proceedings under D.C. Code § 23-110.

---

[1]   The petition does not name a respondent, but the *in forma pauperis* application lists the
United States.   Hence, the Court, *sua sponte*, has added the United States to the case caption.

*See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a

remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who

wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of

the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack

his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C.

Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section shall not be
> entertained by . . . any Federal . . . court if it appears . . . that the Superior
> Court has denied him relief, unless it also appears that the remedy by motion
> is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas

petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)," *Williams v.*

*Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), including a claim of ineffective assistance of trial

counsel. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123-25 (D.D.C. 2011).

To the extent that petitioner is raising a claim of ineffective assistance of appellate

counsel, which is not a viable claim under D.C. Code § 23-110, it appears that petitioner has not

exhausted that claim by filing a motion in the District of Columbia Court of Appeals to recall the

mandate. *See* Pet. ¶ 10 (indicating no further petitions beyond a direct appeal). And the

exhaustion of available state remedies is a prerequisite to obtaining relief under § 2254. *See* 28

U.S.C. § 2254(b)(1); *Martinez*, 586 F.3d at 999 (noting that "we clarified that after 'a cogent

ruling from the D.C. Court of Appeals concerning local relief, if any . . . the District Court will

be in a position to rule intelligently on [petitioner's] federal petition for habeas corpus.' ")

(quoting *Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir. 1982)).

Because the petitioner has not shown that his local remedy is inadequate to address his claims, this habeas action will be dismissed for want of jurisdiction.    A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE:   June 12, 2015